# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE COMPANY, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | Case No.: 15-cv-00366 |
| v. | ) ) | Judge Amy J. St. Eve |
| KEVIN BLOUIN, | ) ) ) | |
| Defendant-Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Fifth Third Mortgage Company ("Fifth Third") appeals from the December 31, 2014 Order (the "Bankruptcy Order") of the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") finding Defendant Kevin Blouin's ("Blouin") debt to Fifth Third to be non-dischargeable. For the following reasons, the Court vacates the order of the Bankruptcy Court, and remands this case for further proceedings consistent with this Opinion.

## BACKGROUND

Blouin filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois on May 23, 2014. Petition, *In re Blouin*, No. 14-BK-19532 (Bankr. N.D. Ill. May 23, 2014). On September 8, 2014, Fifth Third filed an adversary complaint (the "Adversary Complaint") against Blouin for non-dischargeability pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). (R. 6-2, Record on Appeal, at 1, 5.) Specifically, Fifth Third alleged that Blouin acted as a mortgage broker in a scheme to defraud mortgage lenders, including Fifth Third, by assisting borrowers in obtaining multiple mortgage loans over a short

period of time without disclosing the borrowers' full financial liability to the prospective lenders, and then by closing the loans before the borrowers' credit reports reflected their mortgage obligations. (*Id*. at 6.) Fifth Third alleged that as a result of Blouin's fraud, it sustained damages in the amount of $278,303.51,[1] and requested that the Bankruptcy Court enter a monetary judgment against Blouin and find the debt to be non-dischargeable. (*Id*. at 11.)

Blouin did not answer or otherwise plead to the Adversary Complaint, and Fifth Third filed a motion for default judgment on December 2, 2014. (*Id*. at 30.) The motion sought both a monetary judgment against Blouin on Fifth Third's fraud claim, and a determination that the debt was non-dischargeable. (*Id*. at 32-36.) On December 9, 2014, the Bankruptcy Court held a hearing on Fifth Third's motion. The Bankruptcy Court explained that its normal practice in dischargeability proceedings on an underlying state law claim is to rule on the issue of dischargeability, but not to decide the merits of the claim itself. (R. 8, 12/9/2014 Hearing Tr., at 2-3.) After Blouin stated that he did not contest the non-dischargeability of Fifth Third's fraud claim, the Bankruptcy Court entered an order finding that debt to be non-dischargeable and closed the case without ruling on the merits of the underlying claim. (*Id*. at 4-5; R. 6-2, Record on Appeal, at 81.) Fifth Third appeals the Bankruptcy Court's decision not to adjudicate its fraud claim against Blouin.

## LEGAL STANDARD

This Court has jurisdiction to review final bankruptcy court decisions. 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001; 8003. On appeal, a district court reviews a bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*. *See Kovacs v. United States*, 739 F.3d 1020, 1023 (7th Cir. 2014); *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004). If the

---

[1] This Court later granted Fifth Third leave to supplement the record on appeal with an affidavit clarifying that Fifth Third only suffered damages in the amount of $145,169.08. (R. 20; R. 22; R. 23, Jamison Aff., at 5.)

bankruptcy court correctly states the law, "its determination of whether the facts met the legal standard will be disturbed only if it is clearly erroneous." *In re Berman,* 629 F.3d 761, 766 (7th Cir. 2011) (citing *Pinkston v. Madry,* 440 F.3d 879, 888 (7th Cir. 2006)).

## ANALYSIS

On appeal, Fifth Third contests the decision of the Bankruptcy Court not to decide its claim against Blouin and to only find that debt to be non-dischargeable. At the hearing on Fifth Third's motion for default judgment, the Bankruptcy Court declined to enter a monetary judgment against Blouin for two reasons. First, the Bankruptcy Court found that it did not have the constitutional authority to decide Fifth Third's fraud claim based on the Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). Second, the Bankruptcy Court found that under existing Seventh Circuit precedent, Blouin did not waive his right to object to the Bankruptcy Court's constitutional authority to hear Fifth Third's fraud claim by failing to answer or otherwise plead to Fifth Third's complaint. Thus, even though the Bankruptcy Court entered a default judgment against Blouin on the issue of dischargeability, it found that Blouin did not consent to the Bankruptcy Court's adjudication of Fifth Third's state law claim against him. Fifth Third appeals both grounds for the Bankruptcy Court's decision, and the Court considers each in turn.

**I.**     ***Stern v. Marshall***

The Court first addresses the issue of the Bankruptcy Court's constitutional authority to decide Fifth Third's fraud claim under *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475. In *Stern*, the son of the debtor's deceased husband filed a proof of claim against the debtor in her bankruptcy proceeding, alleging that she had defamed the son by inducing her lawyers to tell members of the press that he had engaged in fraud in order to gain control of his deceased

3

father's assets. *Id*. at 2601, 180 L.Ed.2d 475. He also sought a declaration that his defamation claim was not dischargeable in bankruptcy. *Id*. In response, the debtor filed a counterclaim for tortious interference against the son for wrongfully preventing her deceased husband from taking the legal steps necessary to provide her with half of his property. *Id*.

The Supreme Court held that even though the counterclaim was a "core" bankruptcy proceeding under 11 U.S.C. § 157(b)(2)(C) as the debtor brought it against a creditor that had filed a claim against the bankruptcy estate, the bankruptcy court did not have the constitutional authority to adjudicate the claim. *Id*. at 2604, 2608, 180 L.Ed.2d 475. The Court noted that under Article III of the Constitution, bankruptcy courts generally may not exercise the "judicial Power of the United States" because Congress established them by legislation and bankruptcy court judges do not receive the protections of Article III.[2] *Id*. at 2611, 2620, 180 L.Ed.2d 475. The Supreme Court then held that the bankruptcy court did not have the power to adjudicate the state law counterclaim at issue because the claim was "independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy," and was based on private rights, not public rights that "can be decided outside the Judicial Branch." *Id*. at 2611, 180 L.Ed.2d 475.

Before *Stern*, the law in the Seventh Circuit was clear that bankruptcy courts could issue monetary judgments on state law claims in the course of determining their dischargeability. The Seventh Circuit had held that it is "preferable to allow bankruptcy courts ruling on the dischargeability of a debt to adjudicate the issues of liability and damages also." *In re Hallahan*, 936 F.2d 1496, 1508 (7th Cir. 1991). Since the Supreme Court decided *Stern*, however, courts

---

[2] Article III, §1, of the Constitution states that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."

4

have wrestled with the types of state law claims over which bankruptcy courts may constitutionally exercise jurisdiction. With respect to bankruptcy courts deciding underlying state law claims in dischargeability proceedings, the Seventh Circuit recently acknowledged that "*Stern* limits a bankruptcy court's power to decide a debtor's state-law counterclaim against a creditor when resolving the creditor's proof of claim[,]…[b]ut it is unclear whether *Stern* also restricts a bankruptcy court's power to resolve a creditor's state-law claim when the court decides whether that claim is nondischargeable." *Lee v. Christenson*, 558 F. App'x 674, 676 (7th Cir. 2014).

While the law in the Seventh Circuit is unsettled, the majority of courts to address this issue have found that bankruptcy courts can constitutionally decide a creditor's claim in the course of deciding its dischargeability. In *Adas v. Rutkowski*, for example, another recent case in this district, the court found that *Stern* "does not preclude courts from determining liability in the context of adjudicating the rights of debtors and creditors in the nondischargeability context." *Adas v. Rutkowski*, No. 13-CV-2517, 2013 WL 6865417, at *9 (N.D. Ill. Dec. 30, 2013) (Kendall, J.) In making that finding, the court relied on the analysis of *In re Boricich*, 464 B.R. 335, 336 (Bankr. N.D. Ill. 2011), which reasoned:

> [T]his action contrasts with *Stern* in being an action directly under and defined by the Bankruptcy Code to determine nondischargeability rather than being independent of bankruptcy law. That characteristic of the action is not changed because the theory of recovery arose under nonbankruptcy law. Indeed, most claims in the bankruptcy system that require application of [Bankruptcy] Code provisions arise under nonbankruptcy law. The bankruptcy judge often must look to state law and rights as they stood pre-bankruptcy to adjudicate disputes. In *Stern* itself the holding was limited to the debtor's counterclaim and similar actions, namely state law counterclaims that are not resolved in the process of ruling on a creditor's proof of claim.
>
> *Stern* left intact the authority of a bankruptcy judge to fully adjudge a creditor's claim. In this case, the claim was an adversary proceeding against debtor to bar dischargeability of a debt due to [the] [p]laintiff. Therefore, the authority to enter a final dollar judgment as

5

> part of the adjudication of nondischargeability, as recognized in *Hallahan,* was not impaired by *Stern*.
>
> Quite clearly it [is] necessary here to determine the amount of debt in order to determine the debt that is nondischargeable. Therefore, under the clear exception recognized by *Stern,* final judgment is authorized because such resolution is required to resolve the creditor's claim.

*In re Boricich*, 464 B.R. at 336–37 (citations omitted).

Several other circuits have also held post-*Stern* that a bankruptcy court may adjudicate a claim in the course of deciding whether it is dischargeable in bankruptcy. In *In re Deitz*, for example, the Ninth Circuit affirmed a decision of its Bankruptcy Appellate Panel, and adopted its opinion. *In re Deitz*, 760 F.3d 1038, 1039 (9th Cir. 2014). In the underlying bankruptcy case there, two creditors had brought an adversary proceeding against the debtor alleging that he had defrauded them while constructing their home. *Id.* at 1040-41. The bankruptcy court held a trial on the adversary proceeding, found the debtor to be liable on the creditors' claims, entered a monetary judgment against the debtor, and found the debt to be non-dischargeable. *Id.* at 1041-42. On appeal, the debtor argued that under *Stern* the bankruptcy court had exceeded its constitutional authority in entering a final judgment on the claim against him. *Id.* at 1042. The court disagreed. It held that in contrast to *Stern* where the claim at issue was a state law counterclaim that the bankruptcy court would not have resolved in the process of ruling on the creditor's proof of claim, "[t]he Supreme Court has never held that bankruptcy courts are without constitutional authority to hear and finally determine whether a debt is dischargeable in bankruptcy." *Id*. at 1043, 1046 (quoting *Farooqi v. Carroll (In re Carroll)*, 464 B.R. 293, 312 (Bankr. N.D. Tex. 2011)). It then affirmed the constitutional authority of the bankruptcy court to decide and liquidate the claim. *In re Deitz*, 760 F.3d at 1050.

The Sixth Circuit also reached a similar holding in *In re Hart*, 564 F. App'x 773 (6th Cir. 2014). In that case, a bank filed an adversary proceeding against the debtor objecting to the discharge of four loans that the bank had made to him. *Id*. at 774. The bankruptcy court found all four loans non-dischargeable, and determined the amount of liability and entered a monetary judgment on each loan. *Id*. at 774. On appeal, the debtor argued that *Stern* precluded the bankruptcy court from entering a final monetary judgment against him as part of the dischargeability action. *Id*. at 775-76. The Sixth Circuit disagreed, holding in part that the bank's claim against the debtor arose specifically in bankruptcy because it was for the discharge of a debt, unlike in *Stern*, where the debtor's state-law counterclaim against her creditor was unrelated to the debtor's proof of claim. *Id*. at 776.

The Court agrees with the reasoning of these courts. *Stern* involved a state-law counterclaim against a debtor that the bankruptcy court would not necessarily have decided in ruling on the debtor's proof of claim. Here, the underlying state law claim is part and parcel of Fifth Third's adversary complaint for dischargeability. As another bankruptcy court in this district noted recently, "[w]hile such actions may turn on state law, determining the scope of a debtor's discharge is a fundamental part of the bankruptcy process." *In re Wolf*, 519 B.R. 228, 235-36 (Bankr. N.D. Ill. 2014). Given the differing factual circumstances from *Stern*, and the Seventh Circuit's pre-*Stern* holding that it is preferable to allow bankruptcy courts ruling on the dischargeability of a debt to adjudicate the issues of liability and damages also, the Court finds that *Stern* does not preclude the Bankruptcy Court from adjudicating the merits of Fifth Third's fraud claim.

**II. Consent**

The Bankruptcy Court also denied Fifth Third's second argument that Blouin had consented to the Bankruptcy Court's determination of the merits of Fifth Third's claim because Blouin failed to answer or otherwise plead to Fifth Third's adversary complaint. The Bankruptcy Court based its decision in part on the Seventh Circuit's decision in *Wellness International Network, Ltd. v. Sharif*, 727 F.3d 751 (7th Cir. 2013). In *Wellness*, the Seventh Circuit held that a litigant may not forfeit an Article III objection to a bankruptcy court's entry of final judgment in a "core" bankruptcy proceeding. *Id*. at 773. After the Bankruptcy Court entered the Bankruptcy Order, however, the Supreme Court overturned the Seventh Circuit's decision in *Wellness International Network, Ltd. v. Sharif*, ___ S.Ct. ___, No. 13-935, 2015 WL 2456619 (May 26, 2015). There, the Supreme Court held that Article III of the Constitution permits bankruptcy courts to adjudicate *Stern* claims with the parties' knowing and voluntary consent, and remanded the case for a determination of whether the litigant implicitly met that standard through his conduct. *Id*., 2015 WL 2456619, at *12-13.

As discussed above, the Court finds that the Bankruptcy Court does have the constitutional authority to adjudicate Fifth Third's underlying fraud claim. As a potential additional basis for the Bankruptcy Court's authority to decide the merits of Fifth Third's claim, however, the Court leaves it to the Bankruptcy Court on remand to decide whether it should also revisit the issue of Blouin's consent to the Bankruptcy Court's constitutional authority in light of the Supreme Court's holding in *Wellness International*.

## CONCLUSION

For the foregoing reasons, the Court vacates the order of the Bankruptcy Court, and remands this case for further proceedings consistent with this Opinion

**DATED:  June 9, 2015**                                    **ENTERED**

_____
AMY J. ST. EVE
United States District Court Judge